IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GOLON, INC. *FORMERLY KNOWN AS*,
GOLON MASONRY RESTORATION, INC.,

                                                     17cv0819

            Plaintiff,                 **ELECTRONICALLY FILED**

            v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST and SELECTIVE
INSURANCE COMPANY OF AMERICA,

            Defendants.

**ORDER OF COURT DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION/CLARIFICATION (ECF 82) OF THIS COURT'S DECEMBER 7,
2017 MEMORANDUM OPINION AND ORDER (ECF 71 and ECF 72)**

**A. Court's December 7, 2017 Memorandum Opinion and Order (ECF 71 and ECF 72)**

1. As this Court stated in its prior Memorandum Opinion denying Selective's Motion for Protective Order and granting, in part, Golon's Motion to Compel (see ECF 71), "[a]fter an *in camera* review of these documents (over 1,000 pages of withheld and/or redacted documents), the Court finds itself confronted with the difficult task of balancing respect for an important mediation privilege, supported by public policy, while seeking not to allow this privilege to be misused or abused, and seeking to prevent the application of such privilege to thwart justice in this particular case."

2. After its thorough review of the 1,000 plus pages, this Court found that the mediation privilege asserted by Selective was not applicable to almost all of the documents it had either withheld or redacted (see ECF 71), and thus, Ordered that three of the documents at issue remain under seal as having been properly withheld and/or redacted; but further

Ordered the remaining documents at issue to be produced to Golon's attorney by Noon on December 11, 2017. See ECF 72.

3. Further, after the detailed analysis set forth in ECF 71, and after finding the mediation privilege (and the relevancy objection as to reinsurance documents) not applicable to the overwhelming majority of the documents, the Court removed the seal thereon, and Ordered the Clerk of Court to lift the seal on all but the three privileged documents, and then, file the non-privileged documents at ECF 74. The Court also Ordered the Clerk of Court to separately re-file those three documents which were subject to the mediation privilege under seal at ECF 73.

4. Upon the Court's entry of its Memorandum Opinion (ECF 71) and Order (ECF 72), Selective immediately filed an "Unopposed Emergency Motion" to reseal all of the documents the Court had just deemed were not subject to the mediation privilege (or Selective's relevancy-reinsurance objection). See ECF 75.

5. Instead of complying with the Court's Order (ECF 72) directing Selective to produce all but the three protected documents to Golon's attorney by Noon on December 11, 2017 (see text Order at ECF 76), Selective openly stated that it would **only** produce to Golon's attorney those documents it had previously withheld on the grounds of relevancy (*i.e.,* the reinsurance documents), and it would file a Motion for Reconsideration as to the mediation privilege documents the Court had ordered produced. See ECF 83 at p. 3.

6. Importantly, the Court notes that without reaching the merit of this federal bad faith and breach of contract case, the "mediation privilege" documents which the Court ordered to be produced, arguably provide evidence which may support Golon's allegation that Selective engaged in "bad faith, high risk, [and] brinkmanship negotiation strategy,"

(ECF 1-1 at ¶ 41), when Selective continually refused to settle the underlying state court case within the total two-policy limits of $11 million, rejected its initial, well-respected trial attorney's advice, and tried the case to a jury verdict of $32 million.

**B. Selective's Failure to Comply with Order of Court (ECF 72)**

1. Selective failed to produce the required documents, despite the Order of Court of December 7, 2017, on or before the appointed date and time of December 11, 2017, at Noon.

2. Instead, after the deadline had passed, at 12:05 PM, on December 11, 2017, Selective filed a Motion Seeking Reconsideration and/or Clarification of the Court's December 7, 2017 Opinion and Order Regarding Defendants' Claim of Privilege Under Pennsylvania's Mediation Privilege Statute (ECF 82) (9 pages), Brief in Support (ECF 83) (9 pages), and then later, filed a Supplemental Brief in Support (ECF 85) (10 pages).

3. The Court will now DENY Selective's Motion for Reconsideration finding that there is no basis to grant such a Motion. The standard for granting a motion for reconsideration was set forth in *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), which requires a court to decline reconsideration of a prior decision unless there is or has been: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Selective's two Briefs only argue that this Court made a clear error of law when it determined that the mediation privilege documents did not fall within Pennsylvania's "mediation privilege," 42 Pa.C.S.A. § 5949.

4. This Court does not find that its prior Opinion – which set forth the plain meaning of the mediation privilege statute and then explained how Selective's designated "mediation privilege" documents fell outside of the statute's well-defined reach (see ECF 71) – constitutes an error of law. To the contrary, while it is abundantly clear to this Court that Selective did not wish to disclose the documents, these documents do **not** fall within the four corners of the **plain meaning** of the stated privilege. Nearly all of the documents which this Court ordered produced constitute "communications" which occurred **outside** of the mediation **but** did not involve the mediator directly (*i.e.*, reports and email between and among insurance company employees to one another about Golon's underlying mediations).

5. This Court, again, reiterates that it considers the mediation privilege a very important privilege in jurisprudence; however, for this Court to stretch the mediation privilege beyond its plain meaning and ambit of protection, in fact, would undercut the privilege itself and exceed this Court's power and authority. Expansion of this important privilege to protect additional items, such as the reports and emails prepared and exchanged by and among Selective's insurance employees about Golon's (the insured's) underlying mediation, is work for the legislature to perform, not this or any other Court.

6. Simply put, the Court does not find it committed an error of law upon applying the plain meaning of Pennsylvania's mediation privilege to the documents proffered by Selective for its *in camera* inspection and determining that the vast majority of those documents did not meet the definition of "mediation documents" or "mediation communications" as those terms are defined by the statute. Thus, the Court will deny Selective's Motion for Reconsideration as no error of law was committed.

7. Additionally, Selective argued that this Court did not address the documents which derived from the pre-trial conciliation before Judge Lutty, the presiding trial judge in the underlying state court matter. The Court notes that it reviewed **every** document which was provided to the Court for its *in camera* inspection and found three documents which met the requirements established by Pennsylvania's mediation privilege statute, 42 P.A.C.S.A. § 5949. This Court held that none of the other documents met the criteria set forth in Pennsylvania's mediation privilege statute. Accordingly, just because the Court addressed these documents along with the all the others, and did not single them out as pre-trial conciliation documents as Selective would have preferred, is not a basis for reconsideration; and thus, the Court will deny the Motion for Reconsideration for this reason as well.

8. Moreover, Selective disagrees with this Court's final decision (ECF 72) that the content of the documents at issue do not fall within the definition of "mediation communications" which Pennsylvania's mediation privilege protects. Selective's disagreement with this Court's interpretation of the definition of the term and/or the scope of the statute is not a valid basis to grant a Motion for Reconsideration, and thus, the Court will deny the Motion for Reconsideration.

9. Finally, in support of its Unopposed[1] Emergency Motion to Maintain *in Camera*

---

[1] While this Court recognizes that Selective's Emergency Motion (ECF 75) was unopposed by Golon's counsel, the granting of Selective's Emergency Motion would remove the documents from public view. Again, as stated in its prior Opinion (ECF 71) and in the instant Order, the mediation privilege does not apply to most of the documents that Selective filed under seal. Once the Court determined that the privilege did **not** apply as suggested by Selective, the Court had to balance the impact of shielding non-privileged documents from the public against the public's right to view them. As can be seen by this Court's actions up to this point, the Court finds that absent a privilege, these documents may not be shielded. Hence, the Court denied Selective's Motion for Protective Order and granted, in part, Golon's Motion to Compel.

Documents (ECF 75),[2] Selective filed a brief (ECF 80) (18 pages) to expand upon its request and relief sought by the Motion. However, the Court finds that the Emergency Motion is nothing more than a creatively styled Motion for Reconsideration. The only difference between the Emergency Motion and Brief in Support (ECF 75 and ECF 80), and the Motion for Reconsideration and Brief in Support (ECF 82 and ECF 83) is that the Emergency Motion also argues that Selective's attorney-client privilege and/or work product doctrine are being violated with this Court's ordered production.

10. The Court notes that the attorney-client privilege and/or work product doctrine were **never** briefed or discussed in Selective's Response to Golon's Motion to Compel / Selective's Motion for Protective Order. See ECF 60. Moreover, of all the documents the Court ordered to be produced in its prior Order (ECF 72), only seven documents on Selective's privilege log note that attorney-client privilege and/or work product doctrine apply. However, because Selective did not previously provide the Court with any argument as to the application of the attorney-client privilege and/or work product doctrine, they were, and are, deemed waived. Furthermore, based on the information and current record which has been provided to the Court, the Court finds that Selective failed to meet its burden of proving that it is entitled to redact and/or withhold documents in accordance the attorney-client privilege and/or work product doctrine.

---

[2] Selective also filed a second Unopposed Emergency Motion (ECF 78) less than 24 hours after filing its first Emergency Motion. The second Emergency Motion sought "to Place Documents Under Temporary Seal Pending Disposition of [Selective's] Unopposed Emergency Motion to Maintain *in Camera* Documents." The Court denied the second Emergency Motion, but stated in its Order that once counsel for Selective complied with the Court's Orders (ECF 76 and 77) which required Selective to: (1) file an Affidavit of Compliance demonstrating that it had produced all of the non-privileged documents to Golon, and (2) the filing of a memorandum of law in support of its first Emergency Motion, the Court would "promptly rule on [the first] Emergency Unopposed Motion to Maintain in Camera Documents Submitted to the Court Under Seal." See ECF 79. Notably, Selective failed to file an Affidavit of Compliance in accordance with the Court's Order at ECF 76.

## C. ORDERS OF COURT

AND NOW, this 14th day of December, 2017, the Court hereby DENIES the Motion for Reconsideration filed by Defendants at ECF 82.

The Court also DENIES as MOOT the Emergency Motion filed by Defendants at ECF 75.

The Court, again, ORDERS Selective to produce the documents as described in ECF 71 to Golon, on or before 10:00 a.m. on Friday, December 15, 2017.

                    SO ORDERED, this 14th day of December, 2017.

                    s/ Arthur J. Schwab
                    Arthur J. Schwab
                    United States District Court Judge

cc:  All ECF Counsel of Record